UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Ryan Patrick Lane**

    **v.**                                   Civil No. 14-cv-536-PB
                                              Opinion No. 2015 DNH 042
**United States of America**

**MEMORANDUM AND ORDER**

Ryan Patrick Lane pleaded guilty in this Court to three bank robberies, two of which took place in Massachusetts and one of which took place in New Hampshire.  He was sentenced to 168 months in prison.  He now moves pursuant to 28 U.S.C. § 2255 to withdraw his guilty plea and vacate his sentence.  He also moves to appoint counsel and to convene a hearing on a prior motion for a non-guideline sentence.  For the reasons that follow, I deny Lane's motions.

**I.   BACKGROUND**

In August 2013, a grand jury indicted Lane for an April 2013 robbery of a New Hampshire bank.  Cr. Doc. No. 1.[1]  A

---

[1]   "Cr. Doc. No." citations refer to document numbers in the docket of the underlying criminal proceeding (No. 13-cr-084-PB).  "Doc. No." citations refer to document numbers in this proceeding.

separate information also charged Lane with two other 2013 bank
robberies that took place in Massachusetts.  Cr. Doc. No. 14.
On November 25, 2013, Lane pleaded guilty to the New Hampshire
bank robbery.  After waiving venue and indictment, he also
pleaded guilty to the two Massachusetts bank robberies during
the same proceeding.  See Cr. Doc. Nos. 16, 17.  In March 2014,
I sentenced Lane to one 168-month prison term for each of the
three robberies, with all terms to run concurrently.  Cr. Doc.
No. 24 at 2.


## II.  STANDARD OF REVIEW

Where, as here, no evidentiary hearing is held on a § 2255
motion, I must "take as true the sworn allegations of fact set
forth in the petition unless those allegations are merely
conclusory, contradicted by the record, or inherently
incredible."  Owens v. United States, 483 F.3d 48, 57 (1st Cir.
2007) (internal quotation omitted).  In reviewing this pro se
motion, I must construe the petitioner's pleading liberally.
Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir.
1990).

### III.   <u>ANALYSIS</u>

In his motion, Lane first argues that he received ineffective assistance from his attorney before he pleaded guilty.  <u>See</u> Doc. No. 1 at 3-6.  He then argues that he should be allowed to withdraw his guilty plea because it was not knowing and voluntary.  <u>See</u> <u>id.</u> at 7-9.  I address, and reject, each argument in turn.  I then turn to Lane's requests for an evidentiary hearing, the appointment of counsel, and a hearing regarding his previous motion for a non-guideline sentence.  <u>See</u> <u>id.</u> at 10; Doc. Nos. 5, 8.

### A.   <u>Ineffective Assistance of Counsel</u>

Lane argues that he received ineffective assistance from his attorney before he pleaded guilty.  To succeed on a claim of ineffective assistance of counsel, a § 2255 petitioner must show both "deficient performance by counsel and resulting prejudice."  <u>Peralta v. United States</u>, 597 F.3d 74, 79 (1st Cir. 2010) (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)); see also <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 382 (1986) (adopting the two-prong <u>Strickland</u> standard for claims of ineffective assistance of counsel on habeas review).  Although a

petitioner must satisfy both the deficient performance and prejudice prongs to prevail on a claim of ineffective assistance, "a reviewing court need not address both requirements if the evidence as to either is lacking." Sleeper v. Spencer, 510 F.3d 32, 39 (1st Cir. 2007).  To satisfy the "deficient performance" prong of this standard, a petitioner must prove that his trial counsel's representation fell below "an objective standard of reasonableness." Pina v. Maloney, 565 F.3d 48, 54 (1st Cir. 2009); Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007).  To establish prejudice, a petitioner must demonstrate "that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Sleeper, 510 F.3d at 39 (internal citation omitted).

Lane raises four separate claims of ineffective assistance by his attorney.  See Doc. No. 1.  None of Lane's four claims, however, meet the ineffective assistance standard.

1.   Competency Hearing

Pointing to his history of mental illness, Lane first argues that his attorney was ineffective for failing to move for

a competency hearing after he was arrested.  See Doc. No. 1 at
3.[2]  This claim fails because Lane has not shown that his
attorney's advice to plead guilty without moving for a
competency hearing was objectively unreasonable.

There is no doubt that Lane has suffered from mental
illness for much of his life.  In the past, he has been
diagnosed at various points with attention deficit hyperactivity
disorder, unspecified psychotic disorder, bipolar disorder,
posttraumatic stress disorder, provisional cognitive disorder
secondary to traumatic brain injury, and provisional personality
change also secondary to traumatic brain injury.  Cr. Doc. No.
19 at 26-27.  He has tried to commit suicide on multiple
occasions.  Id. at 26.  He also struggles with alcohol and drug
dependency.  See id. at 27.

The record, however, shows that Lane's attorney knew of his
client's history of mental illness during his representation.
As Lane himself notes, his attorney filed notice of an insanity

---

[2] Lane cites Federal Rule of Criminal Procedure 12.2 as the basis
on which a defendant may move for a competency hearing.  See
Doc. No. 1 at 3.  In fact, a defendant may move for a competency
hearing under 18 U.S.C. § 4241, not Rule 12.2, which allows
either the court or the government to compel a defendant to
undergo a competency hearing under certain circumstances.  See
18 U.S.C. § 4241(a); Fed. R. Crim. P. 12.2(c).

defense under Federal Rule of Criminal Procedure 12.2(a) almost one month before Lane pleaded guilty. <u>See</u> Cr. Doc. No. 12. Lane's attorney spoke about Lane's mental illness during the guilty plea hearing. <u>See</u> Cr. Doc. No. 28 at 16-17. Lane even acknowledges in his petition that he and his attorney had "considerable discussion about the particulars of the crime and the defendants [sic] state of mind at the time the alleged crime was committed as well as the defendants [sic] lengthy mental health history dating back to adolescence which included two separate suicide attempts prior to the alleged criminal behavior." <u>See</u> Doc. No. 1 at 3.

Nevertheless, mental illness does not by itself establish incompetence to stand trial in federal court. Instead, a defendant must show that he "suffer[s] from a mental disease or defect rendering him mentally incompetent <u>to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.</u>" 18 U.S.C. § 4241(d) (emphasis added); <u>see</u> <u>United States v. Lebron</u>, 76 F.3d 29, 33 (1st Cir. 1996) (holding that history of mental illness does not, without more, establish mental incompetency).

6

Nothing in the record of either Lane's mental health history or the underlying proceedings should have signaled to Lane's attorney that Lane was mentally incompetent under this standard.  At both his change of plea hearing and his sentencing, Lane's presentation to this Court was articulate and cogent.  See Cr. Doc. Nos. 28, 29.  At his change of plea hearing, Lane specifically acknowledged to this Court that he was able to "think clearly and make decisions about [his] life" with the aid of medication.  See Cr. Doc. No. 28 at 5.  The record offers no other indication that Lane's illness prevented him from either understanding the nature of the proceedings against him or assisting properly in his defense.  Even now, Lane does not cite any evidence beyond his known history of mental illness to support his ineffective assistance claim. Under these circumstances, it was not objectively unreasonable for Lane's attorney to forego a claim that Lane was mentally incompetent to plead guilty.  Thus, Lane's first claim of ineffective assistance fails.

2.  Insanity Defense

Lane next faults his attorney for failing to press an insanity defense at trial instead of advising him to plead

7

guilty.  See Doc. No. 1 at 3, 5-6.[3]  As with mental incompetence

to stand trial, a past history of mental illness alone does not

establish legal insanity.  Instead, a defendant raising an

insanity defense must show that, at the time of the charged

crime and "as a result of a severe mental disease or defect,

[he] was unable to appreciate the nature and quality or the

wrongfulness of his acts."  18 U.S.C. § 17(a).

    As I have explained, Lane's attorney was fully aware of

Lane's history of mental illness when Lane pleaded guilty.  He

even filed notice of an insanity defense before Lane pleaded

guilty.  See Cr. Doc. No. 12.  The record, therefore,

demonstrates that both Lane and his attorney, despite being

aware of Lane's history of mental illness, chose to accept the

government's plea offer rather than to face the risk of

---

[3] Lane faults his attorney for not moving for a competency
hearing in connection with his alleged state of mind at the time
of the crimes.  See Doc. No. 1 at 3.  A competency hearing,
however, addresses a defendant's mental fitness to stand trial,
not his state of mind at the time of the charged crime.
Instead, a defendant must raise the issue of his state of mind
at the time of the charged crime as an insanity defense at
trial, which a jury, not the judge, evaluates.  See 18 U.S.C. §
17(b).  In addressing Lane's ineffective assistance claim
regarding his state of mind at the time of the bank robberies,
therefore, I construe his claim to assert that his counsel was
ineffective in failing to pursue an insanity defense at trial
and instead advising him to plead guilty.

unsuccessfully pressing an insanity defense at trial.  That
choice is precisely the type of strategic decision that
Strickland analysis shields from the retrospective critique that
Lane lodges here.  See Phoenix v. Matesanz, 233 F.3d 77, 82 (1st
Cir. 2000) ("'[S]trategic choices made after thorough
investigation of law and facts relevant to plausible options are
virtually unchallengeable.'") (quoting Strickland, 466 U.S. at
690).  Lane's mental illness notwithstanding, nothing in the
record shows that Lane's mental condition at the time of the
bank robberies met the standard of legal insanity with enough
certainty to render Lane's attorney's advice to plead guilty
rather than face a trial objectively unreasonable.

    Lane's petition does not otherwise explain why the
strategic advice he received from his attorney was objectively
unreasonable.  He points to no facts in the record that even
begin to show that he was legally insane when he committed the
crimes, and he offers no new specific allegations that
substantiate an insanity defense.[4]  Instead, Lane offers only

---

[4] The only potentially new allegation that Lane offers to support
his claim is that "he was not of a sound mind at the time of the
crime . . . as he was under the influence of a large amount of
heroin and MDMA as well as benzodiazepines and PCP."  See Doc.
No. 1 at 6.  Even if that allegation is true, it is irrelevant

vague allegations that he "was not of a sound mind" when he committed his crimes.  See Doc. No. 1 at 5, 6.  Such general allegations, however, do not meet his burden on a § 2255 motion. See David v. United States, 134 F.3d 470, 478 (1st Cir. 1998) ("To progress to an evidentiary hearing, a habeas petitioner must do more than proffer gauzy generalities or drop self-serving hints that a constitutional violation lurks in the wings.").  I can find nothing else in the record that would negate the obvious strategic justification for the advice that Lane's attorney provided and Lane accepted.  Thus, Lane's second ineffective assistance claim fails as well.

   3.   Waivers of Venue and Indictment

   Lane also argues that his attorney was ineffective because he advised Lane to waive venue and indictment and plead guilty to the two Massachusetts bank robberies.  See Doc. No. 1 at 3-5. Here, too, Lane has failed to show that his attorney's advice was objectively unreasonable.  To support his claim, Lane offers only a conclusory, self-serving, and unsubstantiated assertion

---

because voluntary intoxication does not independently support an insanity defense under federal law.  See United States v. Garcia, 94 F.3d 57, 61-62 (2d Cir. 1996); United States v. Knott, 894 F.2d 1119, 1121-22 (9th Cir. 1990); United States v. Ramirez, 495 F. Supp. 2d 92, 123 (D. Me. 2007).

that "he probably could have gotten a better deal in having the
State of Massachusetts take the lead jurisdictionally."  See id.
at 4.  Neither his petition nor the record, however, offer
anything that elevates this assertion above mere speculation.
In fact, to the contrary, Lane benefited from the plea agreement
by receiving a sentence that allowed him to serve his prison
terms for all three bank robberies concurrently.  See Cr. Doc.
No. 24 at 2.  In the absence of any evidence that Lane could
have received a more favorable plea agreement by following a
different course, Lane's attorney was not ineffective for
advising Lane to plead guilty to the Massachusetts bank
robberies.

4.    Suppression of Confession

     Finally, Lane claims that his attorney was ineffective in
failing to suppress his confession because he was intoxicated
when he confessed to the police.  See Doc. No. 1 at 6.  He
apparently assumes, incorrectly, that intoxication alone is
enough to suppress a confession.  See id.  "In the context of
the voluntariness of a confession, [however,] a defendant's
mental state by itself and apart from its relation to official
coercion never disposes of the inquiry into constitutional

11

voluntariness." United States v. Palmer, 203 F.3d 55, 61-62 (1st Cir. 2000) (citing Colorado v. Connelly, 479 U.S. 157, 164 (1986)).  Lane has alleged no facts to suggest that the police coerced his confession, and none appear in the record. Accordingly, I cannot conclude that Lane's attorney could have made even a prima facie argument to suppress Lane's confession. An attorney's decision to forego a meritless legal argument does not constitute ineffective assistance of counsel.  Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990).  Thus, Lane's final ineffective assistance claim fails.

**B.    Involuntary Guilty Plea**

Lane argues that he should be allowed to withdraw his guilty plea because, he claims, he was not taking lithium as prescribed when he pleaded guilty, a fact that he faults this Court for failing to ascertain during his plea colloquy.  See Doc. No. 1 at 7-8.  For this reason, Lane contends that his guilty plea was involuntary.  See id.

To determine whether a guilty plea was involuntary on the basis of diminished mental capacity, a court must decide whether the plea was a product of the defendant's free will.  See United States v. Santiago Miranda, 654 F.3d 130, 137 (1st Cir. 2011).

The First Circuit's decision in <u>United States v. Pellerito</u> guides the application of this standard to Lane's claim. 878 F.2d 1535 (1st Cir. 1989). There, the court addressed a situation opposite to Lane's, in which the defendant had taken "an extensive regimen" of mood-altering medication before pleading guilty. <u>Id.</u> at 1542. "The mere fact that [the defendant] took potentially mood-altering medication," the court held, "is not sufficient to vitiate his plea. <u>There must be some evidence that the medication affected his rationality.</u>" <u>Id.</u> (emphasis added).

 <u>Pellerito</u>'s reasoning controls here, albeit in reverse. The mere fact that Lane had not taken his prescribed lithium when he pleaded guilty is, by itself, insufficient to support Lane's claim that his guilty plea was involuntary. Instead, Lane must show that his failure to take his prescribed lithium "affected his rationality" to the point of preventing him from pleading guilty knowingly and of his own free will. <u>See</u> <u>id.</u>; Santiago Miranda, 654 F.3d at 137–38. Aside from his conclusory claim that "lack of [lithium] and [his] serious mental health issues did not allow the defendant to make an informed plea of [guilty,]" however, Lane has offered nothing to make this

showing.  See Doc. No. 1 at 8.  Moreover, the plea colloquy
itself belies Lane's claim.  Before pleading guilty, Lane
informed the court that symptoms of his mental illness were not
affecting him in any way, that the medications he was taking
were having a positive effect on his illness, and that he was
able to "think clearly and make decisions about [his] life."
Cr. Doc. No. 28 at 5; see Santiago Miranda, 654 F.3d at 138
("[A] court is entitled to give weight to the defendant's
statements at his change-of-plea colloquy absent a good reason
for disregarding them.  Moreover, a defendant's declarations in
open court carry a strong presumption of verity.") (internal
citations and quotations omitted).  Thus, Lane has offered no
evidence to show that his failure to take lithium as prescribed
before he pleaded guilty prevented him from knowingly pleading
guilty under his own free will.  I therefore deny his request to
withdraw his guilty plea as involuntary.

     In the alternative, Lane also argues that his guilty plea
was involuntary because his attorney told him that if he pleaded
guilty, New Hampshire authorities would not prosecute him for
his involvement in a riot at the jail where Lane was being held.
See Doc. No. 1 at 8-9.  It is true that a guilty plea induced by

14

a false promise is involuntary.  Calabrese v. United States, 507
F.2d 259, 260 (1st Cir. 1974).  Lane's allegation, however, is
devoid of any credibility.  During his plea colloquy, Lane told
the Court that nobody had made any promises to him to induce his
guilty plea other than the government's formal plea offer, a
statement that directly contradicts his present allegation.  See
Cr. Doc. No. 28 at 12.  "[T]he presumption of truthfulness of [a
defendant's plea colloquy] statements will not be overcome
unless the allegations in the § 2255 motion . . . include
credible, valid reasons why a departure from those earlier
contradictory statements is now justified."  United States v.
Butt, 731 F.2d 75, 80 (1st Cir. 1984).  Lane has offered no such
reasons.  Although he now claims that he was not "of a sound
mind" during his change of plea hearing, I reject that
contention for reasons I have already explained.  See Doc. No. 1
at 8.  Lane has provided no other basis for disregarding his
statements during the change of plea hearing, and I can find no
other reason to extend any credibility to his allegation of a
false promise.  I conclude, therefore, that this allegation does
not render his guilty plea involuntary.

C.   **Evidentiary Hearing and Appointment of Counsel**

Lane requests an evidentiary hearing in support of his §
2255 motion, but no hearing is necessary to dispose of this
case.  See Doc. No. 1 at 10.  "[A] § 2255 motion may be denied
without a hearing as to those allegations which, if accepted
true, entitle the movant to no relief, or which need not be
accepted as true because they state conclusions instead of
facts, contradict the record, or are inherently incredible."
United States v. McGill, 11 F.3d 223, 225-26 (1st Cir. 1993)
(internal quotation omitted).  Lane is not entitled to an
evidentiary hearing as a matter of right; instead, it is Lane's
burden to establish that a hearing is necessary to decide his
motion.  Id. at 225.  The record and the pleadings in this case,
however, enable me to decide Lane's motion without an
evidentiary hearing.  As I have explained, Lane's petition
offers only conclusory allegations or facts that, even if true,
would not entitle him to relief under § 2255.  Thus, I deny
Lane's request for an evidentiary hearing.

Lane also requests the appointment of counsel to represent
him in this § 2255 proceeding.  See Doc. No. 8.  "A convicted
criminal has no constitutional right to counsel with respect to

habeas proceedings." Ellis v. United States, 313 F.3d 636, 652 (1st Cir. 2002).  Nevertheless, I have discretion to appoint counsel in "exceptional circumstances."  See Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986).  For the reasons I have explained, however, I can decide Lane's motion based on the record and the pleadings without an evidentiary hearing or any further factual investigation.  Moreover, Lane's petition raises no complex factual or legal arguments that would require an attorney to pursue.  See id. at 3 (discussing factors relevant to determination of whether appointing counsel in § 2255 proceedings is warranted).  I conclude, therefore, that appointing counsel for Lane is not warranted.

**D.**   **Hearing on Previous Motion for Non-Guideline Sentence**

Finally, Lane requests a hearing regarding the motion he filed in the prior criminal proceeding for a non-guideline sentence.  See Doc. No. 5; Cr. Doc. No. 21.  Lane apparently, and incorrectly, believes that his motion for a non-guideline sentence required an additional hearing separate from his sentencing hearing.  I read and considered Lane's motion before deciding Lane's sentence, however, and both Lane and his attorney expressed their views regarding sentencing to me during

Lane's sentencing hearing.   See Cr. Doc. No. 29.   Lane's present
request for a hearing regarding his previous motion for a non-
guideline sentence, therefore, simply has no merit.


## IV. __CONCLUSION__

For these reasons, I deny Lane's motion to withdraw his
guilty plea and vacate his sentence (Doc. No. 1).   I also deny
Lane's motion for a hearing regarding his previous motion for a
non-guideline sentence (Doc. No. 5) and his motion to appoint
counsel (Doc. No. 8).   Because Lane has failed to make a
substantial showing of the denial of a constitutional right, I
also decline to issue a certificate of appealability.   See 28
U.S.C. § 2253(c)(2); Rule 11, Rules Governing Section 2254 and
2255 Cases in the U.S. Dist. Cts.; 1st Cir. LR 22.0.   The clerk
of court shall enter judgment accordingly and close the case.

SO ORDERED.


/s/Paul Barbadoro
Paul Barbadoro
United States District Judge


March 6, 2015

cc:   Seth R. Aframe, Esq.
      Ryan Patrick Lane, pro se

18